IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES GARRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 11-00222-CG-N |
| | ) | |
| SCOTCH PLYWOOD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

This action is before the Court on a motion (doc. 7) filed by Scotch Plywood, Inc. ("Scotch Plywood"), one of two defendants herein, to sever and remand Count I of plaintiff's Second Amended Complaint (doc. 7-3) to the Circuit Court of Clark County, Alabama, from where it was removed. In response to Scotch Plywood's motion, Plaintiff has filed a motion to remand the entire case (doc. 11). These motions have been referred to the undersigned pursuant to 28 U.S.C. ' 636 (b)(1)(B). Upon consideration of the motion, the response in opposition (doc. 13) filed by Artis Ray Powe d/b/a A & B Trucking ("Powe"), a defendant herein, thereto (doc. 13), plaintiff's reply (doc. 16) to Powe's opposition, and all other pertinent portions of the record , it is recommended that plaintiff's motion to remand the entire case (doc. 11) be **GRANTED** and that Scotch Plywood's motion to sever and remand (doc. 7) be declared **MOOT**.

I. Background.

Plaintiff initially filed this action against his employer, Scotch Plywood, for employment benefits under the Workers Compensation Act of the State of Alabama. Plaintiff filed an Amended Complaint adding claims for negligence and wantonness

against fictitious defendants alleged to be responsible for the accident which caused his work-related injury. On March 29, 2011, plaintiff filed a Second Amended Complaint which substituted Powe for one of the fictitious defendants. Plaintiff asserts a non-jury workers compensation claim against Scotch Plywood in Count I of his Complaint and a jury tort claim against Powe in Count II.

On May 2, 2011, Powe removed this action from the Circuit Court of Clarke County, Alabama, alleging diversity of citizenship and jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441. According to Powe, he is the owner of A&B Trucking, a sole proprietorship, and a citizen of the State of Mississippi, while Plaintiff Charles Garrick is a citizen of the State of Alabama and Scotch Plywood is a foreign corporation doing business in Alabama. Powe also asserts that plaintiff seeks compensatory damages in an amount exceeding the limits of this Court's jurisdiction.

Defendant Scotch Plywood filed its motion (doc. 7) to sever and remand Count I on the grounds that it arises under the workers' compensation laws of the state of Alabama and is not subject to federal court jurisdiction under 28 U.S.C. § 1445(c). Powe acknowledged in his Notice of Removal that "28 U.S.C. § 1445(c) prohibits removal of claims arising under state workers compensation laws," but contends that "a federal court may sever and remand a workers' compensation claim from the tort claim against a third party where diversity jurisdiction exists." (Doc. 1 at ¶ 7, *citing*, <u>Brooks v. Paulk & Cope, Inc.</u>, 176 F.Supp.2d 1270, 1274 (M.D. Ala. 2001)).

Plaintiff filed a motion to remand the entire case (doc. 11) on May 24, 2011, on the grounds that diversity jurisdiction does not exist. Powe's response (doc. 13) to plaintiff's motion was filed on June 6, 2011. Although Powe spends considerable effort

2

arguing that the amount in controversy is adequate to vest this Court with jurisdiction (doc. 13 at 1-4), his argument regarding the existence of complete diversity is predicated solely on the assertion in plaintiff's Second Amended Complaint that Scotch Plywood "is a foreign corporation authorized to do business in the State of Alabama." (Doc. 13 at 5) Powe specifically argues that "[a]s a foreign corporation doing business in Alabama, obviously Scotch could not be an Alabama citizen and is diverse to Plaintiff Garrick." (*Id*. at 5-6). Plaintiff was granted leave to reply (doc. 15) and, in his reply (doc. 16) has established that, despite its incorporation in a State other than Alabama, Scotch Plywood is a citizen of the State of Alabama by virtue of the location of its principal place of business, namely Fulton, Alabama. (Doc. 16-1).

## II. Standard of Review.

"In a removal action, the party asserting jurisdiction has the burden of establishing proof of jurisdiction by a preponderance of the evidence." Wiltew v. Parker, 2009 WL 3615041, * 2 (S.D. Ala. Oct. 30, 2009), *citing* McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178 (1936); Lowery v. Alabama Power Co., 483 F.3d 1184, 1210 (11th Cir.2007), *cert. denied sub nom* Hanna Steel Corp. v. Lowery, --- U.S. ----, 128 S.Ct. 2877 (2008). In a removal action, that burden is upon the defendant. *Id.*, *citing* Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). *See also*, Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008) ("A removing defendant bears the burden of proving proper federal jurisdiction [and] doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court.") (citation omitted); Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005) ("[i]n removal cases, the burden is on the party who sought removal to demonstrate

3

that federal jurisdiction exists") (citation omitted). In addition, "[b]ecause removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand." Holloway v. Morrow, 2008 WL 401305, * 2 (S.D. Ala. Feb. 11, 2008), *citing* University of South Alabama v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir.1999) (explaining that strict construction of removal statutes derives from "significant federalism concerns" raised by removal jurisdiction). "The existence of federal jurisdiction is tested at the time of removal." Adventure Outdoors, 552 F.3d at 1294-95, *citing*, Whitt v. Sherman Int'l Corp., 147 F.3d 1325, 1332 (11th Cir.1998).

With respect to the amount in controversy requirement, this Court must look to the well-pleaded complaint alone in order to determine whether diversity jurisdiction under 28 U.S.C. § 1331 exists. *Id.*, *citing*, Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149 (1908). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." Pretka v. Kolter City Plaza, II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement [and] [i]f the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Beasley v. Fred's Inc., 2008 WL 899249 (S.D. Ala. Mar. 31, 2008), *quoting* Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). The Eleventh Circuit has recently made it clear that:

> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See* [Pretka 608] at 754. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." *See id.* at 770 (*quoting* Roe v. Michelin N. Am., Inc., 637 F.Supp.2d 995, 999 (M.D.Ala.2009)); *see also* Williams, 269 F.3d at 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. [Footnote omitted] This approach is consistent with those of other circuits.

Roe v. Michelin North America, Inc., 613 F.3d 1058, 1061-62 (11th Cir., 2010).

The federal diversity jurisdiction statute also requires that, in addition to an amount in controversy exceeding $75,000, the controversy must be "between -- citizens of different states." 28 U.S.C. § 1332(a)(1). The diversity statute further provides that " a corporation shall be deemed to be a citizen of any State by which it has been incorporated ***and of the State where it has its principal place of business***." 28 U.S.C. § 1332(c)(1) (emphasis added). The Supreme Court has recently confirmed that "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities . . . [often called] the corporation's 'nerve center'." Hertz Corp. v. Friend, -- U.S. --, 130 S.Ct. 1181, 1186, 1192 (2010). "The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." (*Id*. at 1194, *citing, inter alia,* Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

5

III.   Analysis.

As stated above, Powe, one of the defendants, removed this case from the Circuit Court of Clarke County, Alabama, on May 2, 2011, alleging diversity of citizenship and jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441.  Scotch Plywood, Inc., the other defendant in this case, has filed a motion (doc. 7) to sever and remand Count I of plaintiff's Second Amended Complaint because this sole claim against Scotch Plywood arises under the workers' compensation laws of the state of Alabama and is not subject to federal court jurisdiction under 28 U.S.C. § 1445(c).  Powe acknowledges that "28 U.S.C. § 1445(c) prohibits removal of claims arising under state workers compensation laws," but argues that removal was proper because diversity jurisdiction otherwise exists in this case and this Court may therefore simply sever and remand the workers' compensation claim under the reasoning set forth in Brooks v. Paulk & Cope, Inc., 176 F.Supp.2d 1270, 1274 (M.D. Ala. 2001).   (Doc. 1 at ¶ 7).

Despite plaintiff's contention to the contrary[1], Powe has established that the amount in controversy exceeds $75,000 based not only upon plaintiff's allegations that he is totally and permanently disabled but upon the fact that he seeks more than lost wages and alleges that his average weekly earnings were "approximately $750.00" at the time of the accident.  (Doc. 7-3 at ¶ ¶ 7 and 11).  *See also*, Roe, 613 F.3d at 1062 ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.").

---

[1] Plaintiff simply argues that his employer, Scotch Plywood," believes that the case is worth $1500 . . . [and] Powe has not offered any acceptable basis for concluding that the amount in controversy exceeds $75,000."  (Doc. 11 at 6)

6

The issue of consequence in this case, is the citizenship of plaintiff's corporate employer, Scotch Plywood. In his complaint, plaintiff alleges only that Scotch Plywood "is a foreign corporation authorized to do business in the State of Alabama." (Doc. 7-3 at ¶ 2). In Powe's opposition to plaintiff's motion to remand, Powe argues that "[a]s a foreign corporation doing business in Alabama, .[] Scotch could not be an Alabama citizen." (Doc. 13. at 6-7). Based on this supposition, Powe argues that Scotch Plywood is therefore "diverse to Plaintiff Garrick." (*Id*.). Powes' argument is, however, contrary to the law. A corporation is the citizen of **both** the State of incorporation **and** the State where its principal place of business is located. Hertz Corp., 130 S.Ct. at 1185, *quoting* 28 U.S.C. § 1332(c)(1). Powe has failed to allege or establish the location of either Scotch Plywood's State of incorporation or principal place of business, which is his burden. 130 S.Ct. at 1194 ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it."). In contrast, plaintiff has submitted evidence which establishes that Scotch Plywood's principal place of business is located at 119 Main Street, Fulton, Alabama, thus establishing that Scotch Plywood a citizen of Alabama and not diverse from the plaintiff. (Doc. 16-1). Powe does not contend, nor could he, that any grounds exist to ignore Scotch Plywood's Alabama citizenship for the purposes of establishing jurisdiction.

Consequently, this Court lacks subject matter jurisdiction over this action. The case is due to be remanded in its entirety to the Circuit Court of Clake County, Alabama.

## CONCLUSION

For the reasons stated above, it is recommended that plaintiff's motion to remand the entire case (doc. 11) be **GRANTED** and that Scotch Plywood's motion to sever and

remand Count I (doc. 7) be **DENIED**. The Clerk should be instructed to take such steps as are necessary to transfer the case to the Circuit Court of Clark County, Alabama, from whence it was removed.

The instructions which follow contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this   14th   day of June, 2011.

/s/Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

l. *Objection*. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.
>
> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (applicable Where Proceedings Tape Recorded)*. Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**Done** this  14th  day of June, 2011.

       /s/ Katherine P. Nelson
       UNITED STATES MAGISTRATE JUDGE

---

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).